I concur specially in order to underscore my unqualified agreement with the opinion. Unarguably, this horribly and permanently injured young man was the unwitting victim of one of society's most dangerous instrumentalities — an uninsulated high-voltage electrical wire. Our legal system provides reparation for such injuries, however, only within the fault concept. Liability for maintenance of risk of harm to others in these cases is measured by the "reasonable foreseeability" test. The most routine and well-regulated activities of modern society expose each of us to multiple risks of harm. But the fault concept translates into a "reasonable and due care" standard of duty; and, more specifically here, the Power Company's liability for the alleged breach of their duty is whether, under all the circumstances shown by the evidence of record, the jury could reasonably infer that the Company should have reasonably foreseen the probability of risk of harm to others and thus have eliminated the risk by insulating the lines at the location of the incident.
The Plaintiff concedes the Power Company's two principal affirmative factual premises for its argument supportive of its motion for directed verdict: 1) Its occupancy was in the exercise of a lawful right. Its lines were properly and legally on the public right-of-way. 2) The height of its lines well exceeded the minimum safety standard established and recognized by the industry.
Plaintiff contends, and I agree, that these two factors, standing alone and in combination, of themselves are insufficient to take the case from the jury. As Plaintiff points out, it is the totality of the circumstances that must be looked to in applying the requisite test. This totality of circumstances, argues the Plaintiff, includes the fact that Plaintiff was an invitee engaged in a lawful pursuit on the property of another and that it was within the jury's province to conclude that the Company reasonably should have foreseen domestic activity upon *Page 256 
and about property of this nature and character and guarded against those risks naturally incident thereto. Plaintiff further contends, and correctly so, that it is not necessary that the jury find that the Company should have foreseen this particular activity or risk in question. The Power Company counters by asserting additional negative, that is the absence of, circumstances that would reasonably support any inference or foreseeability of harm. No other domestic wells in this vicinity were located on the "front edge" of these residential lots. There was no evidence, direct or circumstantial, from which any notice of such activity reasonably could be inferred. Additionally, the evidence is clear that all the well drilling crewmen, including the Plaintiff, were aware of the presence of the Company's lines and the danger, and that shortly before this incident the crewman had commented on the necessity for watching out for the overhead wires.
To impose liability under the facts of this case would raise the degree of care owed by the Power Company to that of an insurer, and the fault concept, at least in this context, would have been dealt its death blow.